UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

**FILED**
**JUL 2 3 2007**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| YANKTON SIOUX TRIBE, and its individual members, | * | CIV 02-4126 |
| Plaintiffs, | * | |
| vs. | * | MEMORANDUM OPINION AND ORDER |
| UNITED STATES ARMY CORPS OF ENGINEERS; THOMAS E. WHITE, Secretary of the Army; DOMINIC IZZO, Principal Deputy Assistant Secretary of the Army for Civil Works; ROBERT E. FLOWERS, Chief of Engineers; CURT F. UBBELOHDE, Omaha District Commander and District Engineer; UNITED STATES OF AMERICA; STATE OF SOUTH DAKOTA; JOHN COOPER, Secretary of the Department of Game, Fish and Parks for the State of South Dakota; and JOHN DOES, Contractors, | * | |
| Defendants. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Pending before the Court is Plaintiffs' Motion For Leave to Amend the Complaint, Doc. 257. All Defendants object to Plaintiffs' motion. For the reasons set forth below, the motion will be granted in part and denied in part.

## BACKGROUND

An explanation of the remaining claim in this action is set forth in a prior published opinion, *see Yankton Sioux Tribe v. United States Army Corps of Engineers*, 396 F.Supp.2d 1087 (D.S.D. 2005), and in the Court's Fourth Amended Scheduling Order, Doc. 232. Plaintiffs represent that the proposed amendments to the Second Amended Complaint add references to three specific recreational areas, including legal descriptions of the lands at issue, and delete the claims that have

been dismissed by the Court. Defendants contend, however, that Plaintiffs are attempting to assert new causes of action and that they have not deleted all references to counts previously dismissed by the Court.

## DISCUSSION

Although Plaintiffs do not have an automatic right to amend their complaint, Federal Rule of Civil Procedure 15(a) declares that leave to amend "shall be freely given when justice so requires." FED.R.CIV.P. 15(a). "Given the courts' liberal viewpoint towards leave to amend, it should normally be granted absent good reason for a denial." *Popp Telcom v. American Sharecom, Inc.*, 210 F.3d 928, 943 (8th Cir. 2000). "The classic 'good reasons' for rejecting an amendment are: 'undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of amendment ....'" *Id.* (quoting *Thompson-El v. Jones*, 876 F.2d 66, 67 (8th Cir. 1989)). Delay in moving to amend the complaint is insufficient by itself to deny leave to amend. *See Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 841 (8th Cir. 2004); *Dennis v. Dillard Dept. Stores, Inc.*, 207 F.3d 523, 525 (8th Cir. 2000). "Rather, the party opposing the motion must show it will be unfairly prejudiced." *Dennis*, 207 F.3d at 525.

The Eighth Circuit explained that "[c]ases in which an abuse of discretion has been found [for denying a motion to amend] generally involve amendments based on facts similar to the original complaint." *Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 454 (8th Cir. 1998). "On the other hand, when late tendered amendments involve new theories of recovery and impose additional discovery requirements, courts are less likely to find an abuse of discretion [for denying a motion to amend] due to the prejudice involved." *Id.*

The trial in this action is scheduled to and will commence on October 23, 2007. The deadline for filing dispositive motions is July 30, 2007. All Defendants have indicated they intend to file summary judgment motions on July 30, 2007. The Court recognizes the deadline for amendment of the pleadings has expired, but delay alone is not sufficient to deny leave to amend the complaint. *See Dennis*, 207 F.3d at 525. "Rather, the party opposing the motion must show it will be unfairly

2

prejudiced." *Id.* In addressing the proposed amendments in this opinion, the Court will refer to the paragraph numbers as Plaintiffs have proposed in the Proposed Third Amended Complaint, Doc. 261, filed on June 18, 2007 (referred to herein as "Proposed Complaint"). Plaintiffs also attached a revised proposal to their Reply Brief, but given that Defendants have not had a chance to respond to the revised proposal, and the need to promptly rule on the motion in light of the motions' deadline of July 30, the Court will refer below to Plaintiffs' original proposal and the revised proposal filed July 19, 2007, Doc. 276, is denied.

Defendants object to the references in paragraphs 3 and 57 to the Native American Graves and Repatriation Act ("NAGPRA") and the removal of human remains of ancestors of the Yankton Sioux tribal members. *See* 25 U.S.C. § 3001 *et seq.* Plaintiffs' claims under Count Three of the Second Amended Complaint, which alleged violations of NAGPRA, however, were dismissed without prejudice on September 30, 2005. *See Yankton Sioux*, 396 F.Supp.2d at 1093-95. Plaintiffs admit the NAGPRA claims were dismissed and have proposed to strike paragraph 3 in its entirety. Thus, the Court will deny the motion to amend as to paragraph 3. All other references to NAGPRA claims shall be deleted from the Proposed Complaint.

The federal Defendants challenge Plaintiffs' deletion of the following sentence in paragraph 52 of the Proposed Complaint: "The Army Corps of Engineers held title to the lands from the time they were acquired from their original Indian owners up to the enactment of Title VI by Congress." The federal Defendants contend this is an admission and that Plaintiffs are attempting to change their claim by deleting this admission. The Court agrees and will deny the motion to amend to the extent that Plaintiffs propose to delete the quoted sentence from paragraph 52.

Count Two of the Second Amended Complaint was dismissed by the Court. *See Yankton Sioux*, 396 F.Supp.2d at 1091-93. Thus, the motion to amend will be denied as to paragraphs 59-65 of the Proposed Complaint.

Count Three of the Second Amended Complaint was also dismissed by the Court. *See id.* Thus, the motion to amend will be denied as to paragraphs 70 through 74 of the Proposed Complaint.

3

The Defendants also object to the addition of the Fort Randall Boat Club, the Visitor's Center and the Spillway Recreational Area as additional recreations areas Plaintiffs allege were unlawfully transferred or leased to the State of South Dakota pursuant to Title VI of the Water Resources Development Act (WRDA), Pub.L. No. 106-53, 113 Stat. 269 (1999), as amended by Pub.L. No. 106-541, § 540, 114 Stat. 2572 (2000). As explained below, the Fort Randall Boat Club area is distinguishable from the Visitor's Center and the Spillway Recreational Area.

The federal Defendants represent in their brief that the Fort Randall Boat Club is leased to a third party. (Doc. 272, p. 5 at n. 3.) The Court will deny the motion to amend as to the Fort Randall Boat Club area because at this late stage of the case, including this area will impose additional discovery requirements. Although it is not clear from the Proposed Complaint, the lessee of this area may be a necessary and indispensable party to this litigation under FED.R.CIV.P. 19. *See* 7 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1621, at 327-28 (3d. ed. 2001) (providing that, "[t]hose persons who derive their interest in property through another's title, as for example, lessees, ... may be required to join whenever the action might result in the termination of their interest in the property."). The Court finds imposing additional discovery requirements on the Defendants at this point in this protracted litigation will unfairly prejudice the Defendants. *See Bell*, 160 F.3d at 454 (holding that "when late tendered amendments involve new theories of recovery and impose additional discovery requirements, courts are less likely to find an abuse of discretion [for denying a motion to amend] due to the prejudice involved.").

The Visitor's Center is in a different category than the Fort Randall Boat Club. Robert C. Incontro, the Senior Realty Specialist for the U.S. Army Corps of Engineers, submitted a Declaration, dated July 9, 2007, stating that the Visitor's Center was not transferred to the State of South Dakota and it remains in federal ownership. Although the Second Amended Complaint specifically refers to "the North Point Recreational Area" and the "White Swan Recreational Area," there were additional references in that complaint to "other Army Corps of Engineers' [l]ands at issue in this action." (Second Amended Complaint, Doc. 165, ¶ 26.) The Court finds the Second Amended Complaint provides sufficient notice to Defendants that Plaintiffs are challenging lands

4

other than the North Point and White Swan Recreational Areas and, given the federal Defendants' knowledge of the status of the Visitor's Center, Defendants will not be unfairly prejudiced by the inclusion of this area.

The Defendants contend the Plaintiff is raising for the first time an allegation that leasing the Spillway Recreation Center to the State of South Dakota is in violation of Title VI of WRDA. The Court disagrees. In paragraph 25 of the Second Amended Complaint (paragraph 26 of the Proposed Complaint), Plaintiffs referred to Congress' direction to the Secretary of the Army to "grant perpetual leases to certain recreational areas and other lands to the State of South Dakota ..." and they cited Title VI §§ 601-609 of WRDA. The Court finds these references in the Second Amended Complaint are sufficient to put Defendants on notice that Plaintiffs are challenging the leasing of recreational areas to the State of South Dakota pursuant to Title VI § 605 of WRDA.

Moreover, the Court finds it is in the interest of judicial economy to resolve in this litigation the parties' disputes under Count One regarding the Visitor's Center and the Spillway Recreational Area and will allow the motion to amend to the extent it adds allegations regarding these two areas. Based upon the federal Defendants' representations regarding title to the Visitor's Center and the Spillway Recreational Area, it does not appear to the Court that allowing the amendment as to these two areas will cause delay in the resolution of this case nor will such amendment unfairly prejudice Defendants. Although it may be in the interest of judicial economy to resolve the parties' dispute regarding the Fort Randall Boat Club area, the imposition of additional discovery requirements regarding this area outweighs the interest in judicial economy at this late stage of the proceedings.

The federal Defendants argue that Plaintiffs may be attempting to raise a forced fee patent cause of action. The Court does not believe Plaintiffs are attempting to raise such an issue, because in their Resistance to the Motion to Strike Plaintiffs' Experts (Doc. 251 at p. 11), Plaintiffs state they are not asking the Court to rule on any individual's right of ownership as to forced fee patent lands. The motion to amend will be denied to the extent Plaintiffs may be seeking to raise the issue of forced fee patent lands.

5

Plaintiffs make a reference in their reply brief, Doc. 276, to a breach of the United States' trust obligations. There is, however, no claim for breach of trust in Count One of the Second Amended Complaint, which is the only count remaining for trial. Plaintiffs' claims regarding desecrating human remains, removal of funerary objects and cultural items from the White Swan Recreational Area and the North Point Recreational Area were previously litigated in this case and the remaining claims under the Archeological Resources Protection Act ("ARPA"), and the National Historic Preservation Act ("NHPA"), were dismissed. Counts Two, Three and Four of the Second Amended Complaint were dismissed. *See Yankton Sioux*, 396 F.Supp.2d at 1091-95. To now allow Plaintiffs to pursue these claims, which were dismissed nearly two years ago, under a theory of breach of trust duties would unfairly prejudice Defendants. Accordingly,

IT IS ORDERED:

1. That Plaintiffs' Motion for Leave to Amend the Complaint, Doc. 257, is granted in part and denied in part. The Motion is granted to the extent that Plaintiffs are permitted to add references to the Visitor's Center and the Spillway Recreational Area. The Motion is denied as to the following in the Proposed Complaint, Doc. 261: (1) paragraph 3 and all other references to and claims under the Native American Graves and Repatriation Act; (2) the deletion of the last sentence in paragraph 52; (3) paragraphs 59 through 65; (4) paragraphs 70 through 74; (5) any claim regarding the Fort Randall Boat Club; (6) any claim regarding individual's right of ownership as to forced fee patent lands; and (7) any claim regarding breach of trust obligations by the United States of America or any other federal Defendant.

2. That, on or before July 26, 2007, Plaintiffs shall file and serve a Third Amended Complaint in accordance with the rulings on the Motion to Amend set forth in this Memorandum Opinion and Order.

Dated this 23rd day of July, 2007.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _____
DEPUTY

6