UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

FILED
MAR 3 1 2008

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|   |   |
|---|---|
| YANKTON SIOUX TRIBE, and its individual members, | CIV 02-4126 |
| Plaintiffs, | |
| vs. | |
| UNITED STATES ARMY CORPS OF ENGINEERS; PETE GEREN, Secretary of the Army; GEORGE S. DUNLOP, Principal Deputy Assistant Secretary of the Army for Civil Works; ROBERT L. ANTWERP, Chief of Engineers; DAVID C. PRESS, Omaha District Commander and District Engineer; THE UNITED STATES OF AMERICA; THE STATE OF SOUTH DAKOTA; JEFF VONK, Secretary of the Department of Game, Fish and Parks for the State of South Dakota; and JOHN DOES, Contractors, | MEMORANDUM OPINION AND ORDER |
| Defendants. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

All parties filed summary judgment motions. (Docs. 284, 288 and 292.) The motions have been fully briefed and the Court heard oral argument on the motions on October 9, 2007. During the hearing, the Court advised the parties that the summary judgment motions would be taken under advisement and the trial date would be cancelled. The Court also ordered supplemental briefing on the Plaintiffs' claim regarding the Visitor's Center. Following the issuance of a Memorandum Opinion and Order on December 19, 2007, in a related case, *Yankton Sioux Tribe v. Podhradsky*, CIV 98-4042 (D.S.D.), the Court allowed the parties in this case an opportunity to explain their views on whether the Court's decision in CIV 98-4042 affects the pending summary judgment motions. For the reasons set forth below the Plaintiffs' motion will be denied, the United States Army Corps of Engineers ("the Corps"), Pete Green, George Dunlop, Robert Antwerp, David Press, The United States of America's ("the Federal Defendants") summary judgment motion will be

granted, and the State of South Dakota, and Jeff Vonk's ("the State Defendants") summary judgment motion will be granted.

## I. BACKGROUND

The original Complaint in this action contained two distinct types of claims: one alleging violations of the Native American Graves Protection and Repatriation Act ("NAGPRA"), 25 U.S.C. § 3001 *et seq.*, involving the inadvertent discovery of human remains; and one involving the transfer of lands from the United States Government to the State of South Dakota pursuant to Title VI of the Water Resources Development Act ("WRDA"), Pub.L. No. 106-53, 113 Stat. 269 (1999), *as amended by* Pub.L. No. 106-541, § 540, 114 Stat. 2572 (2000). Following several Court hearings, the NAGPRA claims were resolved, leaving the Title VI land transfers to be resolved in this action.

The current complaint is the Third Amended Complaint, Doc. 326. The Yankton Sioux Tribe ("the Tribe") alleges the Federal Defendants violated Sections 605(b)(3) and 605(c) of WRDA by transferring the White Swan Recreational Area, the North Point Recreational Area, the Visitor's Center and by leasing the Spillway Recreational Area to the State of South Dakota, because those lands are located within the exterior boundaries of the Yankton Sioux Reservation. The Tribe admits in their current complaint that "The Army Corps of Engineers held title to the lands from the time they were acquired from their original Indian owners up to the enactment of Title VI by Congress." (Doc. 326 at ¶ 31.) The Tribe alleges the Federal Defendants acted in excess of the statutory authority granted by Congress, and as an administrative agency and officers of such agency, their actions are reviewable under the Administrative Procedures Act ("the APA"), 5 U.S.C. § 707(2)(A) and (C). In the Prayer for Relief, the Tribe seeks a declaration, pursuant to 28 U.S.C. § 2201, that the transfer and leasing of the lands set forth above violated WRDA, and are, therefore, null and void. Another declaration the Tribe seeks is that the transfer and leasing did not remove these lands from the exterior boundaries of the Yankton Sioux Reservation. Mandamus relief is also requested, to require the Federal Defendants to cancel all deeds transferring the lands at issue and the lease of the Spillway Recreation Area. Injunctive relief, prohibiting the Federal Defendants from transferring any further Corps of Engineers' land to the State on the properties at issue in this action,

is also sought by the Tribe. An award of reasonable attorney's fees, expert witness fees and costs, is sought under the Equal Access to Justice Act, 28 U.S.C. § 2412.

The Federal Defendants deny their actions violated WRDA. They deny the Visitor's Center was transferred to the State. Rather, the Corps retained the Visitor's Center because it is necessary for the Corps operation of the Fort Randal Dam. The Federal Defendants contend leasing land is not subject to the same prohibition land transfers are subject to under WRDA, which is that land is not to be transferred if it is within the exterior boundary of an Indian reservation. As far as reviewing agency action, the Federal Defendants contend the subsection of the APA that is applicable to the Court's review of the Corps' actions is 5 U.S.C. § 706(2)(A), which provides the Court shall, "... hold unlawful and set aside agency action, findings, and conclusions found to be – (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." Because the exterior boundaries of the Yankton Sioux Reservation were unclear at the time WRDA was enacted, the Federal Defendants sought input from various sources to assist them in making the determination of whether they had the authority to transfer the lands at issue in this action. They contend after receiving input from all relevant sources, including the Tribe, the decision was made that the lands at issue were not within the exterior boundaries of the Yankton Sioux Reservation and the White Swan Recreation Area and the North Point Recreation Area were transferred to the State.

In response to the Federal Defendants' summary judgment motion, the Tribe contends the proper subsection of the APA to be applied in this case is 5 U.S.C. § 706(2)(C), which provides that the Court shall "...hold unlawful and set aside agency action, findings, and conclusions found to be – (C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right[.]" The Tribe admits "the 1858 boundaries may not have full effect," but then contends "the Reservation retains the Missouri River as its southern exterior boundary, especially where the lands at issue are concerned." (Plaintiffs' Response, Doc. 313 at p. 5.)

The State Defendants contend in their summary judgment materials that res judicata bars this action and that the Eighth Circuit was wrong in deciding the case of *Yankton Sioux Tribe v. Gaffey*, 188 F.3d 1010 (8th Cir. 1999), which action was remanded to this Court. A Memorandum Opinion

3

and Order was issued December 19, 2007 on the remand. *See Yankton Sioux Tribe v. Podhradsky*, CIV 98-4042 (D.S.D.) (Memorandum Opinion and Order, Doc. 427).

Addressing the State Defendants' res judicata arguments, the Tribe contends a final judgment has not been issued in the *Gaffey* case and thus, cannot bar the present action on the grounds of res judicata.

## II. DISCUSSION

### A. Motion for Summary Judgment

Summary judgment is appropriate if the moving party establishes that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. FED.R.CIV.P. 56(c); *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 256 (1986). In reviewing a motion for summary judgment, this Court views the evidence in a light most favorable to the non-moving party. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970). "Once the motion for summary judgment is made and supported, it places an affirmative burden on the non-moving party to go beyond the pleadings and 'by affidavit or otherwise' designate 'specific facts showing that there is a genuine issue for trial.'" *Commercial Union Ins. Co. v. Schmidt*, 967 F.2d 270, 271 (8th Cir. 1992) (quoting FED.R.CIV.P. 56(e)).

After the summary judgment motions were filed and briefed and taken under advisement, the Court issued a decision in the related *Podhradsky* case. CIV 98-4042 (Memorandum Opinion and Order, Doc. 427). A Declaratory Judgment was entered in the *Podhradsky* case, declaring as follows:

> [T]he Court declares the following categories of land within the original 1858 treaty boundaries of the Yankton Sioux Reservation remain part of the reservation and are Indian country under 18 U.S.C. § 1151(a):
>
> > a) land reserved to the federal government in the Act of Aug. 15, 1894, Ch. 290, 28 Stat. 286, 314-19, and then returned to the Yankton Sioux Tribe;
> > b) land allotted to individual Indians that remains held in trust;
> > c) land taken into trust under the Indian Reorganization Act of 1934, ch. 576, 48 Stat. 984 (1934) (codified as amended at 25 U.S.C. §§ 461-77); and
> > d) Indian owned fee land that has continuously been held in Indian hands.

4

*Podhradsky*, CIV 98-4042 (Judgment, Doc. 429, Dec. 19, 2007). The Court denied the Tribe's other claims in *Podhradsky* about additional lands continuing to be within the exterior boundaries of the Yankton Sioux Reservation, including the Tribe's claim at trial that the Reservation retains the Missouri River as its southern exterior boundary.

The Court finds regardless of which standard of review applies to the Federal Defendants' actions in this case, the decision in *Podhradsky* eliminates any possibility that the Tribe can prevail on the remaining cause of action in this lawsuit, Count One in its Third Amended Complaint, Doc. 326. As the Court mentioned above, the Tribe admitted in its Third Amended Complaint that: "The Army Corps of Engineers held title to the lands from the time they were acquired from their original Indian owners up to the enactment of Title VI by Congress." (Doc. 326 at ¶ 31.) Accordingly, the land at issue in this action does not fall within any of the four categories of land which the Court held in *Podhradsky, supra,* continue to fall within the exterior boundaries of the checkerboard Yankton Sioux Reservation. Moreover, the parties' dispute about whether the Spillway Recreation Area and the Visitor's Center were transferred to the State is now moot. Even if these two areas were transferred to the State, which the Court does not find they were, those lands are not within any of the four categories of land the Court held in *Podhradsky, supra,* are within the exterior boundaries of the Yankton Sioux Reservation.

Based upon the above discussion, there is no genuine issue of material fact remaining for trial on Count One of the Third Amended Complaint, the sole cause of action remaining in this lawsuit. Therefore, summary judgment will be granted to the State Defendants and the Federal Defendants.

**B.     Motion to Stay**

Plaintiffs move the Court to stay the disposition of the pending summary judgment motions until such time as the appellate process in the *Podhradsky*, CIV 98-4042 (D.S.D.) case has been completed. Although the Court acknowledges the *Podhradsky* decision by this Court is subject to review by the Eighth Circuit Court of Appeals and the Supreme Court, the Court does not find the interests of justice require this Court to stay the disposition of the pending summary judgment

motions. This action has been pending for nearly six years and based upon the Court's decision in *Podhradsky, supra,* Plaintiffs cannot prevail in this lawsuit. The record does not show that the property in question was anything other than Corps property when it was transferred to the State of South Dakota. Accordingly, the Court will not exercise its discretion to grant a stay in this action. *See Contracting Northwest, Inc. v. City of Fredericksburg, Iowa,* 713 F.2d 382, 387 (8th Cir. 1983) (recognizing that federal courts have the inherent power to issue a stay when the interest of justice so require). Accordingly,

IT IS ORDERED:

1. That the State Defendants' Motion for Summary Judgment, Doc. 284, is granted.

2. That the Plaintiffs' Motion for Summary Judgment, Doc. 288, is denied.

3. That the Federal Defendants' Motion for Summary Judgment, Doc. 292, is granted.

4. That the following pending motions, Docs. 238, 242, 243, 247, are denied as moot.

5. That Plaintiffs' Motion to Stay Disposition of Summary Judgment ruling, Doc. 340, is denied.

Dated this 31st day of March, 2008.

BY THE COURT:

*[signature]*

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: *[signature]*
        Deputy

6